**Enrique Gomez GUZMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–99–00017–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1999.

Renato Santos, Houston, for Appellant.

Calvin Hartmann, Dist. Atty., John B. Holmes, Dist. Atty., Houston, for State.

Panel consists of Justices COHEN, TAFT, and SMITH.*

## OPINION

PER CURIAM.

Appellant, Enrique Gomez Guzman, pled guilty, without an agreed recommendation from the State, to possession of at least 400 grams of cocaine with the intent to deliver. The court found appellant guilty and assessed his punishment at 30 years confinement.

Counsel has filed a brief stating his opinion that the appeal is frivolous. The brief meets the minimum requirements of *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and stating why there are no arguable grounds of error on appeal. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex. Crim.App.1969).

Counsel certifies that the brief was delivered to appellant and that he was advised that he had a right to file a *pro se* response. Thirty days have passed since appellant was so advised, and he has not filed a *pro se* response.

We have reviewed the record and counsel's brief. We hold there are no arguable grounds for appeal.

We affirm the judgment of the trial court.

In accordance with *Anders,* counsel has requested permission to withdraw. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400 ("[I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."); *Stafford v. State,* 813 S.W.2d 503, 509 (Tex.Crim.App.1991) (quoting the preceding language from *Anders* ). Until now, we have routinely granted such requests. However, from this point forward, we depart from such a practice.

We note under *Anders* that if, upon its own independent review of the record, the appeals court, like appellate counsel, finds the appeal frivolous, it is not *required* to grant the request to withdraw, but, rather, "may" grant such request, and then only insofar as "federal" requirements are concerned. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. In Texas, the legislature has given the responsibility for relieving court-appointed counsel for the indigent to the trial court. *See* TEX. CODE CRIM. P. ANN. art. 26.04(a) (Vernon 1989) ("Whenever the court determines that a defendant charged with a felony or misdemeanor punishable by imprisonment is indigent ..., the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, *or the attorney is relieved of his duties by the court* or replaced by other counsel.") (emphasis added).

Thus, if upon our independent review of the record we hold there are arguable grounds for appeal, we will abate the ap-

* The Honorable Jackson B. Smith, Jr., retired Justice, First District of Texas at Houston, participating by assignment.

peal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal. *Stafford*, 813 S.W.2d at 511.

However, when, as in this case, we have held there are no arguable grounds for appeal, under article 26.04, we do not have authority to dismiss appellant's counsel. Request for such relief should be directed to the trial court. Both the trial court and appellant's counsel must keep in mind that "[C]ounsel on appeal must inform a defendant of the result of the direct appeal and the availability of discretionary review." *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim.App.1997).[1]

Accordingly, we dismiss appellant's counsel's motion to withdraw.

It is so ordered.

1. However, "Because there is no right to counsel on discretionary review, the appellate attorney has no duty to inform a defendant of details pertinent to further review." Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997). "While it may be wiser to give more complete information to a defendant, it is neither constitutionally nor statutorily required." *Id.*