NUMBER 13-99-178-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


GABRIEL ALVAREZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of DeWitt County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden



 Gabriel Alvarez, appellant, appeals from an order revoking his deferred
adjudication community supervision.(1) Appellant's court-appointed counsel has filed
a brief in which he concludes that the appeal is wholly frivolous and without merit.(2) 
The brief meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967), that counsel present a professional evaluation of the
record demonstrating why, in effect, there are no arguable grounds to be advanced. 
See High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).(3)

 The only arguable issue on appeal cited by appellant's counsel is the sufficiency
of the evidence to support the trial court's determination. However, the court of
criminal appeals has recently reaffirmed its conclusion that "an appellant whose
deferred adjudication probation has been revoked and who has been adjudicated guilty
of the original charge, may not raise on appeal contentions of error in the adjudication
of guilt process." Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 
This includes claims that the evidence is insufficient to support revocation. Id. at 740
(citing Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979); Tex. Code
Crim. Proc. Ann. art. 42.12, §5(b) (Vernon 1999)).

 The trial court is vested with absolute discretion in determining whether to
revoke an individual's community supervision. Connolly, 983 S.W.2d at 740. That
determination is not reviewable. Id. Having carefully reviewed the record in this case,
we agree with counsel that the appeal is wholly frivolous and without merit. Stafford
v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1981). 

 The appeal is DISMISSED.(4) 




 __________________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of May, 2000.

 

1. Appellant pled guilty to burglary of a habitation. Tex. Penal Code Ann.
§30.02(a) (Vernon 1999). After the plea, the trial court assessed punishment at
community supervision for a period of eight years.
2. A copy of counsel's brief has been delivered to appellant, and appellant
was advised of his right to file a pro se brief. No pro se brief has been filed.
3. We note that counsel has not affirmatively presented arguable issues on
appeal and negated each issue. Rather, counsel's brief presents a single arguable
point of error, that there was insufficient evidence to support the adjudication of
guilt. Our review of the brief discloses that counsel has only presented the findings
of the court and then concluded that there is no arguable basis for an appeal. 
4. We acknowledge that counsel has filed a motion to withdraw from the
representation. Recent authority suggests that the court of appeals is without
power to grant such a motion. See Guzman v. State, 1999 WL 1240929, **1
(Tex. App.--Houston [1st Dist.] December 23, 1999). That court held that article
26.04(a) of the code of criminal procedure vests the trial court with power to grant
counsel's motion to withdraw. We believe that request, to the extent it is deemed
necessary by counsel, should be directed to the trial court. Cf. McCoy v. Court of
Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 108 S.Ct. 1895 (1988) (suggesting
in dicta that counsel is under a duty to withdraw when filing an Anders brief).