George Milton **HUDSPETH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–99–0308–CR.

Court of Appeals of Texas,
Amarillo.

Oct. 19, 2000.

Tom Brown, Livingston, for appellant.

George Milton Hudspeth, Gatesville, pro se.

William Lee Hon, Asst. Dist. Atty., Livingston, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

JOHN T. BOYD, Chief Justice.

After a jury found him guilty of the felony offense of retaliation on April 21, 1999, appellant George Milton Hudspeth was sentenced by the trial court to 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a motion for new trial before sentence was pronounced and a hearing was held on the motion June 22, 1999. After the hearing concluded on July 6, 1999, the trial court rendered its judgment and appellant filed his notice of appeal the same day.

■ Appellant's appointed counsel on appeal has filed a brief in which he certifies that, after diligently searching the record, he is convinced that no reversible error exists and the appeal is without mer-

it. *See Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969). Along with his brief, he has filed a motion to withdraw and attached a copy of a letter sent to appellant, informing him of his intent to withdraw and of appellant's right to file a brief in his own behalf. In considering such requests from counsel, we face two interrelated tasks. We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In the *Anders* brief filed by counsel, he discusses three issues which might have formed the basis of an appeal: the sufficiency of the evidence, whether trial counsel rendered reasonably effective assistance, and whether any of the trial court's rulings adverse to appellant could form the basis of reversible error. Counsel's discussion of these issues evidences thorough review of the record and sound basis for his conclusion the record does not show reversible error. As is his right, appellant has filed a pro se brief in which he repeats the issues addressed by counsel and additionally argues there was error in the judgment because 1) his intoxication rendered him incapable of having the mens rea necessary for the offense, 2) the statement made was not a threat of violence, 3) the complainant was not a "witness" within the meaning of the statute, and 4) the enhancement of his sentence by prior convictions was improper.

Consideration of appellant's pro se issues requires a recitation of the facts. Appellant is the former spouse of the complainant, Mary Hudspeth (Mary). At trial, Mary testified that during and after their

marriage, appellant was abusive to her when he had been drinking. She stated he "is a very good person when he does not drink" but when he did "it was total chaos" and that he had held a gun on her and fired shots into the house. She had called the sheriff's office on several occasions to have appellant removed from her house. Appellant was arrested in May 1998 for assaulting Mary and again on September 24, 1998, for trespassing.

On September 27, 1998, appellant returned to the residence after he had been drinking alcohol and began arguing with Mary who, according to her testimony, either called the sheriff's office or told her neighbor to call. When deputies arrived and arrested appellant again, Mary testified he made the following statements: "when I get out, you have had it," "I will take care of you and that damn bitch across the street when I get out of jail," and "for calling the law you will pay." It was her opinion these statements meant appellant "intended to come back and do bodily harm to me or to get even with me for calling the law [on] him again ." The defense did not present any evidence at trial.

■ We agree with appellant's counsel's conclusion that, under the applicable standards of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim.App.1996), this evidence is legally and factually sufficient to support the conviction. We also agree that trial counsel's failure to object to evidence of appellant's prior convictions was consistent with a trial strategy showing the jury that the conduct alleged could not justify the enhanced punishment to which appellant would be subject under the habitual offender provisions of section 12.42(d) of the Penal Code. We next consider the arguments advanced in appellant's pro se brief.

■ Appellant's first pro se argument arises from section 8.04 of the Penal Code. That statute provides:

(a) Voluntary intoxication does not constitute a defense to the commission of crime.

(b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried.

Tex.Penal Code Ann. § 8.04 (Vernon 1994). It is unclear how this statute could show any error in the trial court's judgment. Subsection (b) is a rule of evidence on the issue of punishment only. The record affirmatively shows evidence of the effect of alcohol on appellant was well developed through Mary's testimony. This testimony included recitation of prior occasions when sheriff's deputies were called to the home because of appellant's conduct after drinking. Elsewhere in appellant's brief, however, he complains of his counsel's failure to object to introduction of this evidence as an example of ineffective assistance. Moreover, even if such evidence had been excluded, appellant cannot show any harm because he received the minimum sentence permitted under the enhancement provisions of section 12.42(d). We overrule this issue.

■ Appellant next argues the evidence was insufficient because the statements attributed to him "in no way gives reference to a threat of violence." Penal Code section 36.06(a) only requires a threat to "harm another by an unlawful act." There is no requirement the harm be physical harm. The charge given to the jury correctly set out the meaning of "harm" under this statute as "anything reasonably regarded as loss, disadvantage or injury." Tex.Penal Code Ann. § 1.07(a)(25) (Vernon 1994). The jury, as exclusive trier of fact, could reasonably conclude appellant's statements conveyed an intent to harm Mary through an unlawful act. We overrule appellant's second issue.

■ In his third issue, appellant argues Mary was not a "witness" within the meaning of section 36.06 because she had not

yet testified at an official proceeding. Section 36.06(a) not only protects witnesses but potential witnesses and those who have reported the occurrence of a crime. Under the evidence presented at trial, at the time appellant made the statements at issue, Mary was both a potential witness and a person who had reported a crime. It is irrelevant that she had not yet testified. We overrule appellant's third issue.

■ Appellant's fourth issue alleges error in the enhancement of his sentence with prior convictions, when those convictions were more than ten years old. Appellant appears to rely on the 10-year limitation for use of prior convictions to impeach a witness contained in Rule 609(b) of the Texas Rules of Evidence. The prior convictions here were not used to impeach appellant but for enhancement of his sentence under section 12.42(d) of the Penal Code. The plain language of section 12.42(d) imposes no limit on how long a prior conviction may be used for enhancement purposes. In *Hicks v. State*, 545 S.W.2d 805 (Tex.Crim.App.1977), the Court of Criminal Appeals held that, unlike the limitation on use of prior convictions for impeachment, no such limitation existed for the enhancement provisions of section 12.42(d). *Id.* at 810. We overrule appellant's fourth issue.

Finding no reversible error in the judgment of the trial court, we affirm that judgment. We must also rule on the motion of appellant's counsel to withdraw filed in conformity with the dictates of *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Upon reviewing appeals where *Anders* briefs have been filed and we found no arguable grounds for appeal, we have routinely granted motions to withdraw. However, we note the recent opinion of the 1st Court of Appeals in *Guzman v. State*, 23 S.W.3d 381 (Tex.App.—Houston [1st Dist.] 1999, no pet.), holding it has no authority to grant the motion and such motion must be directed to the trial court. *Id.* at 382. In support, that court relied exclusively on article 26.04(a) of the Code of Criminal Procedure, which provides:

Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties *by the court* or replaced by other counsel (emphasis added).

The court interpreted the phrase "by the court" to mean the court which appointed the attorney. We do not agree with this conclusion.

In *Moore v. State*, 466 S.W.2d 289 (Tex. Crim.App.1971), the Court of Criminal Appeals addressed the issue directly, stating in a footnote that only the appellate court can grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Id.* at 291 n. 1. *See also Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991) (noting an *Anders* brief should be filed with a request for withdrawal from the case). The issue was directly addressed by the Waco Court of Appeals in *Johnson v. State*, 885 S.W.2d 641 (Tex. App.—Waco 1994, pet. ref'd), which contained a thorough discussion of the obligations of counsel and appellate courts and the procedures to be utilized in fulfilling those obligations. Citing *Moore*, the *Johnson* court also held a motion to withdraw is to be directed to the court of appeals and "a motion in the trial court is neither appropriate nor sufficient." *Id.* at 645. We find the holdings in *Moore* and *Johnson* dispositive. We also hold appellate counsel has met his obligations under *Anders* and *High* and grant his motion to withdraw.