Eric Sowels v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-307-CR

Â Â Â Â Â ERIC SOWELS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 195th District Court
Dallas County, Texas
Trial Court # F94-38508-N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On September 27, 1996, Eric Sowels pled guilty to robbery and was sentenced to ten yearsâ
probation. In August of 1999, Sowels pled true to allegations in a motion to revoke his probation,
and the court sentenced him to four yearsâ confinement and a $500 fine. Sowels then appealed.
Â Â Â Â Â Â Appellate counsel filed a motion to withdraw from representation of Sowels with a supporting
Anders brief. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493
(1967). Sowels was notified that he had the right to respond to counselâs motion and brief, but
no response has been filed. See Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.âWaco
1997, order) (order discussing procedures for Anders appeal, revisiting Johnson v. State, 885
S.W.2d 641, 646 (Tex. App.âWaco 1994, order)). 
Â Â Â Â Â Â Counsel considers the indictment, pretrial motions, Sowelsâ guilty plea, the sufficiency of the
evidence, the courtâs evidentiary rulings, the judgment and sentence, and the effectiveness of trial
counsel in his brief. Counselâs brief contains references to both the record and applicable statutes,
rules, and cases and discusses why counsel concludes that the record does not present an arguable
issue. See Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974) (brief contains a
professional evaluation of the record demonstrating why, in effect, there are no arguable issues
to be advanced). We are satisfied that counsel has diligently searched the record for any arguable
issue. McCoy v. Court of Appeals of Wisconsin Dist. 1, 486 U.S. 429, 442, 108 S.Ct. 1895,
1904, 100 L.Ed.2d 440 (1988). We have independently reviewed the record to search for any
issues "which might arguably support an appeal." Wilson, 955 S.W.2d at 698.
CONCLUSION
Â Â Â Â Â Â Because we have determined that there are no issues "which might arguably support an
appeal," we affirm the judgment. 
CHANGES IN ANDERS PROCEDURE
Â Â Â Â Â Â In the past, our practice has been to grant counselâs motion to withdraw and affirm the
judgment. We have more recently concluded that this Court does not have authority to permit
appointed counsel to withdraw. Because we do not have the authority to permit appointed counsel
to withdraw, we dismiss the motion to withdraw. We take this opportunity to further clarify our
Anders procedure.
Â Â Â Â Â Â In Johnson v. State, we held that if counsel concluded that the appeal was frivolous, Anders
required counsel to file a motion to withdraw from representation of the appellant. Johnson, 885
S.W.2d at 645. We further observed that we should grant the motion to withdraw upon finding
the appeal frivolous. Wilson, 955 S.W.2d at 698.
Â Â Â Â Â Â The United States Supreme Court recently stated that the procedures outlined in Anders are
not mandatory. See Smith v. Robbins, 528 U.S. â, â, 120 S.Ct. 746, 757-58, 145 L.Ed.2d 756
(2000). The Court stated:
Finally, any view of the procedure we described in the last section of Anders that
converted it from a suggestion into a straitjacket would contravene our established
practice, rooted in federalism, of allowing the States wide discretion, subject to the
minimum requirements of the Fourteenth Amendment, to experiment with solutions to
difficult problems of policy. . . .

Id. Because state law mandates a variance from Anders, we now depart from the procedure
outlined in Johnson and modified by Wilson.
Â Â Â Â Â Â The Code of Criminal Procedure dictates that the responsibility for appointment and 
withdrawal of court-appointed counsel for indigent criminal defendants and appellants remains
with the trial court. Tex. Code Crim. Proc. Ann. art. 26.04(a) (Vernon 1989); Enriquez v.
State, 999 S.W.2d 906, 907 (Tex. App.âWaco 1999, order). The statute states:
(a) Whenever the court determines that a defendant charged with a felony or a
misdemeanor punishable by imprisonment is indigent or that the interests of justice
require representation of a defendant in a criminal proceeding, the court shall appoint one
or more practicing attorneys to defend him. An attorney appointed under this subsection
shall represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties by the court or replaced
by other counsel.

Tex. Code Crim. Proc. Ann. art. 26.04(a). There is no limitation on the time frame during
which the trial court has authority to make the appointment or substitution of counsel. Enriquez,
999 S.W.2d at 908. Thus, that authority remains with the trial court. It is therefore not
appropriate for counsel to file a motion to withdraw in the appellate court concurrent with an
Anders brief. Any motion to withdraw as appointed counsel should be filed with the trial court. 
Enriquez, 999 S.W.2d at 908; but see Hudspeth v. State, 31 S.W.3d 409, 412 (Tex.
App.âAmarillo Oct. 19, 2000, no pet.).


 If allowed to withdraw prior to the disposition of the
appeal, counsel shall file a copy of the order granting the motion to withdraw with the appellate
court clerk.
OUR PROCEDURE IN ANDERS CASES



Â Â Â Â Â Â When appointed counsel files an Anders brief, it should be accompanied by a âNotice of
Filing of Anders Brief.â High v. State, 573 S.W.2d 807, 809 (Tex. Crim. App. 1978)(panel). 
This notice will facilitate identification and processing of the matter by the clerkâs office as a
possible Anders case. While the notice is not essential to disposition, it is desirable. 
Â Â Â Â Â Â In addition to the desired notice, before we can decide a case in which an Anders brief has
been filed, we must be presented with an adequate basis to determine that counsel has provided
a copy of the Anders brief to the appellant and fully informed the appellant of the right to review
the appellate record and to file a brief or other response. McMahon v. State, 529 S.W.2d 771,772
(Tex. Crim. App. 1975); See also Wilson, 955 S.W.2d at 694, Johnson, 885 S.W.2d at 646-47. 
As stated in Johnson:
The attorney's view of the merits of an appeal is not determinative of a defendant's right
to appeal; that right remains even though the attorney has concluded that there are no
arguable points to be advanced. Thus, to render effective assistance of counsel, the
attorney carries three distinct "educational" burdens. First, the attorney must provide the
client a copy of the brief.... Anders, 386 U.S. at 744, 87 S.Ct. at 1400. Second, he
must inform the client that he has the right to file a brief on his own behalf. McMahon
v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975). Finally, counsel must tell the
defendant that he has the right to review the record to determine what points to raise in
his pro-se brief. Id.

Id. We have previously determined that a mere statement in the Anders brief of these rights is not
adequate to inform the appellant of these rights. Id.
Â Â Â Â Â Â We encourage counsel to communicate their intent to prepare and file an Anders brief to the
appellant as early in the process as possible. The communication to the appellant must be
sufficient to bring to the appellantâs attention that the attorney has determined there is no basis on
which to present an appeal and that counsel is communicating that determination to the court. A
copy of correspondence to the appellant in which the process is explained and the rights outlined
will normally suffice. However, if counsel intends to provide us a copy of the letter containing
the information we need to determine that the appellant has been adequately advised of these
rights, the letter should not contain any communications, the disclosure of which would violate
the attorney/client privilege. Alternatively, the required information may be provided in a
separate certification confirming compliance with each of the requirements as stated herein. See
Smith, 528 U.S. at â, 120 S.Ct. at 754.
Â Â Â Â Â Â To summarize, when counsel files an Anders brief, it should be accompanied by a âNotice
of Filing of Anders Briefâ and we must be provided a record from which we are able to readily
determine that:
Â Â Â Â Â Â 1.Â Â Â Counsel has provided Appellant with a copy of the brief;
Â Â Â Â Â Â 2.Â Â Â Counsel has informed Appellant of the right to review the record; and
Â Â Â Â Â Â 3.Â Â Â Counsel has informed Appellant of the right to file a brief or other response on his own
behalf.
Â 
Once counsel has filed the brief and has met the obligation to advise the appellant of these rights,
the appellant has thirty days within which to file a pro se brief or other response or a motion for
an extension of time in which to file a brief or other response. Wilson, 955 S.W.2d at 695-96. 
The appellant may or may not choose to file a brief or other response but if one is filed, it should
at a minimum identify for the Court those issues which the indigent appellant believes the Court
should consider in deciding whether the case presents any meritorious issues. Id. at 697.
Â Â Â Â Â Â The State's right to file a responsive brief commences upon the filing of a pro se brief or other
response. Upon receipt of the State's brief or waiver of the right to file a brief, we will consider
any potential issue identified in any of the briefs. Additionally, we will engage in an independent
review of the record to search for any issues "which might arguably support an appeal." Id. at
698.
Â Â Â Â Â Â If we do not find any arguable issue for appeal, we will affirm the judgment. Unless appellate
counsel has been allowed to withdraw, counsel must advise the appellant of the result of the appeal
and if the appellantâs judgment of conviction and sentencing is affirmed, the appellantâs right to
file a petition for discretionary review. Stephens v. State, 35 S.W.3d 770, 771-72 (Tex.
App.âHouston [1st Dist.] 2000, no pet.).
Â Â Â Â Â Â If we determine there is any arguable issue for appeal, we will proceed as the circumstances
of the case may require. 
Â 
REX. D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed March 28, 2001
Publish



1'>   Finding
error but no harm, we affirm the judgment.

Â 

Â 

Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed February 2,
 2005

Do not publish

[CRPM]

Â