# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00400-CR

**Henry Barlow, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 002028, HONORABLE JON N. WISSER, JUDGE PRESIDING

Appellant Henry Barlow, Jr., pleaded guilty to delivering less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.112(a), (b) (West Supp. 2001). The district court assessed punishment, enhanced by two previous felony convictions, at imprisonment for eight years. *See* Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2001). We affirm.

Appellant's sole point of error is that he did not receive effective assistance of counsel at trial. To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *and see Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex. App.—Austin 1992, pet. ref'd).

The record reflects that on the day appellant entered his plea, the prosecutor offered to recommend imprisonment for nine years in exchange for a guilty plea. This offer was more favorable to appellant than the State's previous offers, and was conditioned on appellant pleading guilty that day. Appellant expressed dissatisfaction with this offer, but told the court he would accept seven years. The court advised appellant that he had no control over the State's offer, and that appellant had the option of pleading not guilty and going to trial. There was a recess, during which the judge apparently advised counsel that he would sentence appellant to eight years' imprisonment if he pleaded guilty. When the recess ended, appellant announced his acceptance of the eight years. After being admonished by the court, appellant pleaded guilty and judicially confessed to the allegations in the indictment. Appellant later filed a motion for new trial that was overruled following a hearing.

Appellant argues that trial counsel was ineffective because he did not investigate the previous convictions alleged for enhancement or challenge their validity and remoteness. At the new trial hearing, trial counsel testified that he had reviewed the State's case file which contained the penitentiary packets from appellant's previous convictions for delivery and possession of a controlled substance. Appellant told counsel that each of those convictions involved less than one gram of cocaine (and therefore would have been a state jail felony under present law) and this fact was brought to the court's attention at the time of the guilty plea. Even if we agreed with appellant's contention that counsel should have conducted a more thorough investigation of the previous convictions, appellant has not demonstrated that counsel's inaction denied him a fair trial. Appellant offered no evidence that either of the prior convictions was invalid or otherwise unavailable for use

as enhancement for any reason. Appellant suggests that one of the previous convictions was unavailable for enhancement because it was over ten years old, but he cites no authority in support of this suggestion and we are aware of none. *See Hudspeth v. State*, 31 S.W.3d 409, 412 (Tex. App.—Amarillo 2000, pet. ref'd).

Appellant contends that counsel should have required the State to prove the previous convictions and objected when the State failed to introduce the pen packets in evidence. In light of appellant's written judicial confession acknowledging the truth of all allegations in the indictment, such proof was unnecessary. The State introduced the pen packets at the new trial hearing, and there is no suggestion that it would have been unable to do so at trial.

Finally, appellant complains that trial counsel failed to call any witnesses or present any mitigating evidence relevant to punishment. Appellant did not, however, demonstrate that there was any mitigating evidence to present. Appellant, his mother, and his girlfriend testified at the new trial hearing. Appellant testified that he had been unhappy with his trial attorney and had wanted a presentence investigation and a punishment hearing. Appellant expressed the opinion that he would benefit from a drug addiction program, although he denied being a drug addict. Appellant's mother said she had been unhappy with counsel and believed that appellant should receive treatment rather than imprisonment. Appellant's girlfriend testified that appellant told her his attorney did not adequately communicate with him. None of the witnesses testified to any mitigating fact or circumstance that was not in evidence when appellant pleaded guilty.

We must avoid the distortions of hindsight and evaluate counsel's conduct from his perspective at the time of trial. *See Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993).

Counsel testified, "In my experience in a case like Mr. Barlow's the main bargaining chip that a defendant has is the offer to move a case." He added, "If he'd had a third option, I'm sure he would have taken it, but unfortunately for Mr. Barlow, as for most defendants, the choice ultimately comes down to taking the plea or going to trial [and risking greater punishment]." Appellant has not demonstrated that his attorney's conduct in this case fell outside the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   June 7, 2001

Do Not Publish

4