IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1181-05






PEDRO JOSE MEZA, Appellant



v.



THE STATE OF TEXAS
 




ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


TARRANT COUNTY





 Price, J., delivered the opinion of the unanimous Court.


O P I N I O N 



 We granted discretionary review on our own motion (1) in this cause to review the
implicit holding of the Tenth Court of Appeals that it had no authority to grant a motion by
a court-appointed appellate attorney in a criminal appeal to withdraw from representation of
his client on the basis that the attorney, after due diligence, could not find any non-frivolous
issues to raise, and therefore had an ethical duty to refrain from filing a frivolous appeal. (2) 
In an earlier opinion, Sowels v. State, the Tenth Court of Appeals had held that it had no such
authority. (3) So far as we are aware, the Tenth Court is the only court of appeals to so hold. 
We granted discretionary review in order to reconcile the conflict. (4)

Procedural Posture of the Case


 The appellant was placed on deferred adjudication community supervision after
pleading guilty to the offense of injury to a child. The trial court subsequently revoked that
community supervision and assessed the appellant a term of imprisonment. On appeal, the
appellant's trial counsel filed an Anders brief. (5) In an unpublished memorandum opinion,
the court of appeals agreed with appellate counsel that there were no non-frivolous issues in
the case and affirmed the conviction. (6) But, in a separate order issued the same day, the court
of appeals denied appellate counsel's motion to withdraw from representing the appellant. 
Without even referring to that motion or its ruling thereon in its memorandum opinion, the
court of appeals directed appellate counsel to inform the appellant of its judgment and advise
him of his right to seek a pro se petition for discretionary review. In ordering appellate
counsel to continue as attorney of record, the court of appeals expressly cited its earlier
opinion in Sowels v. State.

 In Sowels, the Tenth Court of Appeals had held that it was improper for an appellate
attorney filing an Anders brief to include with that brief a motion to withdraw as counsel. 
The court of appeals first observed that the particular procedures that were spelled out in
Anders itself are not mandatory, as long as the core constitutional right to counsel on appeal
remains protected by whatever procedure an individual state may adopt. (7) The court of
appeals next held that, under former Article 24.06(a) of the Code of Criminal Procedure, the
trial court retains the exclusive jurisdiction to appoint appellate counsel for indigent
defendants. (8) Relying on its earlier published order in Enriquez v. State, (9) the court of appeals
held that the Legislature has vested the exclusive authority to make court appointments for
indigent criminal appellants in the trial court.

 In Enriquez, the court of appeals found that there is "no limitation on the time frame
during which the trial court has" the authority to appoint counsel in the text of Article
26.04(a) itself. For this reason the court of appeals held that Article 26.04(a) "provides a
statutory exception to appellate rule 25.2(e) which provides that the trial court normally loses
jurisdiction over a pending matter when the appellate record has been filed." (10) Thus the court
of appeals effectively ruled that, at least in criminal appeals involving indigent defendants,
Article 26.04(a) controls over Rule 6.5 of the Rules of Appellate Procedure, which provides
generally for withdrawal and substitution of appellate counsel on appeal. (11) In Sowels, the
court of appeals took the incremental step of applying the holding of Enriquez in the
particular context of a motion to withdraw under Anders. (12)

Analysis


 The issue in this case boils down to the question of what court should rule on a motion
to withdraw from representation of an indigent criminal appellant whose appeal does not
present any non-frivolous issues. In Anders the Supreme Court indicated that, upon
agreement with appellate counsel that the appeal is frivolous, the appellate court "may grant
counsel's request to withdraw and dismiss the appeal insofar as federal requirements are
concerned, or proceed to a decision on the merits, if state law so requires." (13) A few years
later this Court construed Anders to require the appellate court to rule on the motion to
withdraw, to the exclusion of the trial court, in Moore v. State. (14)

 Especially in light of the subsequent Supreme Court opinion in Smith v. Robbins,
however, we agree with the Tenth Court that nothing in the constitution speaks to the
question of which court, trial or appellate, must be the one to rule on an Anders motion to
withdraw. (15) As far as we are concerned, the core Fourteenth Amendment constitutional right
to appellate counsel for indigent criminal defendants that Anders was intended to vindicate
is indifferent to whether the trial court or the appellate court rules on the motion to withdraw. 
The only constitutional requirement is that neither court should rule on the motion to
withdraw until such time as the appellate court has made a determination whether appointed
counsel has exercised sufficient diligence in assaying the record for error, and that there are,
in fact, no arguable issues in the case. (16) Once this determination has been made, it makes no
constitutional difference whether the appellate court grants the motion to withdraw, or
instead abates the cause for the trial court to grant the motion.

 Indeed, it has been the practice of appellate courts in Texas, whenever a determination
is made that an indigent defendant's appeal is not frivolous, to abate the cause to the trial
court for the appointment of new counsel. (17) There is no constitutional reason that the courts
of appeals could not also abate the appeal and remand the cause to the trial court with orders
simply to grant the motion to withdraw, once the court of appeals has determined that the
appeal is in fact frivolous, and that the indigent defendant is therefore not constitutionally
entitled to the assistance of counsel at all to prosecute his appeal. Such a procedure is
certainly awkward, time-consuming, and wasteful of judicial resources. But if state law
positively requires it, as the court of appeals here and in Sowels concluded it does, we can
imagine no constitutional impediment, Moore v. State notwithstanding.

 But does state law require it? The court of appeals believed that, as a matter of state
law, only the trial court could rule on a motion to withdraw counsel who had been appointed
to represent an indigent defendant on appeal because former Article 26.04(a) assigns to the
trial court that responsibility, and an attorney so appointed "shall represent the defendant
until . . . the attorney is relieved of his duties by the court or replaced by other counsel." (18) 
Because "[t]here is no time frame during which the trial court has authority to make the
appointment or substitution of counsel[,]" the court of appeals reasoned, "[a]ny motion to
withdraw as appointed counsel should be filed with the trial court." (19) But an Anders brief,
if well taken, does not involve "the appointment or substitution of counsel." Once the
appellate court has verified that originally appointed counsel has exercised diligence and that
there are in fact no non-frivolous issues to be raised in an appeal, there is no constitutional
right to counsel, and the only appropriate action with respect to the motion to withdraw is to
grant it. It is only when an Anders brief is not well taken that it also becomes necessary to
appoint or substitute new counsel.

 The various courts of appeals are in agreement that they have the authority to grant
a motion to withdraw filed by a retained attorney who finds he has an ethical duty not to
pursue a frivolous appeal, under Rule 6.5 of the Rules of Appellate Procedure, and its 
predecessors. (20) This is consistent with the ordinary rule, embodied now in Rule 25.2(g) of
the Rules of Appellate Procedure, that once the record is filed in the appellate court, the trial
court loses jurisdiction, and it is the appellate court that appropriately rules on such matters. (21) 
In Enriquez, the Tenth Court found that Article 26.04(a) is the more specific provision,
however, and required that the trial court rule on the motion to withdraw. (22) This was
appropriate, because the motion not only requested that Enriquez's original court-appointed
attorney be allowed to withdraw, but also requested that other attorneys be substituted to
pursue his appeal. Especially given the elaborate mechanism for making court appointments
for indigent criminal defendants that is now in place under Article 26.04, it is fitting that a
case should be abated to the trial court for substitution of counsel, just as we have held is the
correct procedure whenever an Anders brief is not well taken.

 When there is no need to appoint new counsel, however, an abatement and remand
to the trial court seem far less fitting. If the only action that need be taken is to grant the
motion to withdraw, without having to appoint or substitute other counsel, as is the case
when an Anders brief is well taken, nothing in Rule 26.04(a) requires that we deviate from
the general rule that once the appellate record is on file with the appellate court, all further
proceedings in the trial court are suspended. For the appellate court to entertain the motion
to withdraw under Rule 6.5 of the Rules of Appellate Procedure under these circumstances
(just as it does for retained attorneys) in no way encroaches upon the legislative prerogative
to assign the administrative task of appointing and substituting counsel for indigent
defendants to the local trial court, which is presumably in a better position to make such
choices. And since no court is constitutionally permitted to rule on the motion to withdraw
until the appellate court has decided whether appellate counsel has exercised due diligence
and correctly determined that the appeal is frivolous, it makes very little practical sense to
require appellate counsel to file his motion to withdraw in the trial court, which cannot
immediately rule upon it in any event.

 We therefore overrule the Tenth Court's decision in Sowels insofar as it held that
appellate counsel following the Anders procedure must file his motion to withdraw in the
trial court. We hold that the courts of appeals have jurisdiction and authority to grant a
motion to withdraw that accompanies an Anders brief whenever, as here, they find that
appellate counsel has exercised professional diligence in assaying the record for error, and
they agree that the appeal is frivolous. In such circumstances the court of appeals should
grant the motion to withdraw. If, on the other hand, they believe either that appellate counsel
has not adequately discharged his constitutional duty to review the record for any arguable
error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts,
they must then abate the appeal and return the cause to the trial court for the appointment of
new appellate counsel in accordance with the Fourteenth Amendment, our case law, and the
dictates of Article 26.04 of the Code of Criminal Procedure. (23)

Conclusion


 We do not disturb the judgment of the court of appeals to the extent that it found the
appellant's appeal to be wholly frivolous. However, we remand the cause to the court of
appeals for reconsideration and resolution of appellate counsel's motion to withdraw in light
of this opinion.

Delivered: September 20, 2006

Publish
1. See Tex. R. App. Proc. 66.1 & 67.1.
2. Meza v. State, No. 10-05-00037-CR (Tex. App. - Waco, delivered July 15, 2005) (not
designated for publication). Although the court of appeals agreed with appellate counsel that the
appeal was "wholly frivolous," in a separate order it denied his motion to withdraw.
3. Sowels v. State, 45 S.W.3d 690 (Tex. App. - Waco 2001, no pet.).
4. Tex. R. App. Proc. 66.3(a). The First Court of Appeals in Houston has vacillated with
respect to this same issue. See Guzman v. State, 23 S.W.3d 381 (Tex.App. - Houston [1st] 1999, no
pet.), overruled by Stephens v. State, 35 S.W.3d 770 (Tex.App. - Houston [1st] 2000, no pet.). Other
courts of appeals have held that only the appellate court can rule on a motion to withdraw under
these circumstances. E.g., Hudspeth v. State, 31 S.W.3d 409, at 412 (Tex. App. - Amarillo 2000,
pet. ref'd).
5. Anders v. California, 386 U.S. 738 (1967).
6. Tex. R. App. Proc. 47.4. We have held that such a memorandum opinion is acceptable in
the context of an appeal for which appellate counsel has filed an Anders brief and the court of
appeals has agreed that the appeal is in fact wholly frivolous. Bledsoe v. State, 178 S.W.3d 824
(Tex. Crim. App. 2005).
7. 45 S.W.3d at 692, citing Smith v. Robbins, 528 U.S. 259, at 273 (2000).
8. Id., citing Tex. Code Crim. Proc. art. 24.06(a), prior to its amendment by Acts 2001, 77th
Leg., ch. 906, § 6, eff. Jan. 1, 2002.
9. 999 S.W.2d 906 (Tex. App. - Waco 1999, no pet.).
10. Id., at 908, citing Tex. R. App. Proc. 25.2(e), (now Rule 25.2(g), as amended effective Jan.
1, 2003). That provision reads, now as then: "Once the record has been filed in the appellate court,
all further proceedings in the trial court - except as provided otherwise by law or by these rules -
will be suspended until the trial court receives the appellate-court mandate." Prior to the
promulgation of the Rules of Appellate Procedure, an earlier version could be found in now-repealed
Article 44.11 of the Texas Code of Criminal Procedure.
11. Tex. R. App. Proc. 6.5. This rule expressly and generally authorizes an appellate court to
"permit an attorney to withdraw from representing a party in the appellate court." The court of
appeals in Enriquez recognized Rule 6.5, but nevertheless ruled that any withdrawal and substitution
of court-appointed counsel for an indigent defendant in a criminal appeal must be made at the trial
court level, under Article 26.04(a), before such a withdrawal and substitution is "bound" to be
"acknowledged" by the appellate court under Rule 6.5(d). 999 S.W.2d at 907, 908. However, in the
context of retained counsel in a criminal case, the Waco court has indicated that Rule 6.5 applies. 
Parker v. State, 69 S.W.3d 677, at 678 (Tex. App. - Waco 2002, no pet.).
12. 45 S.W.3d at 692-93.
13. 386 U.S. at 744.
14. 466 S.W.2d 289, at 291, n. 1 (Tex. Crim. App. 1971).
15. Sowels, supra, at 692 & n. 1.
16. Penson v. Ohio, 488 U.S. 75, at 82-83 (1988) (appellate court "should not have acted on the
motion to withdraw before it made its own examination of the record to determine whether counsel's
evaluation of the record was sound.") 
17. Stafford v. State, 813 S.W.2d 503, at 511 (Tex. Crim. App. 1991) ("If grounds are deemed
arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with
orders to appoint other counsel to present those and any other grounds that might support the
appeal."). See also George E. Dix & Robert O. Dawson, 42 Texas Practice: Criminal Practice
and Procedure § 24.153 (2d ed. 2001), at 333 & n. 3.
18. This particular language did not appear in Article 26.04(a) prior to the 1987 amendment to
that provision. See Acts 1987, 70th Leg., ch. 979, § 2, eff. Sept. 1, 1987. It currently appears in
Article 26.04(j)(2), since that provision was again amended in 2001, shortly after Sowels was
decided. See Acts 2001, 77th Leg., ch. 906, § 6, eff. Jan. 1, 2002. The 2001 amendment added the
requirement that before a court appointed attorney could be relieved of his duties or replaced, the
trial court must make a finding of good cause and enter that finding on the record.
19. 45 S.W.3d at 692.
20. E.g., Oldham v. State, 894 S.W.2d 561, 562-63 (Tex. App. - Waco 1995, no pet.); Pena v.
State, 932 S.W.2d 31, 32-33 (Tex. App. - El Paso 1995, no pet.); Nguyen v. State, 11 S.W.3d 376,
379-380 (Tex. App. - Houston [14th] 2000, no pet.); Parker v. State, supra; Rivera v. State, 130
S.W.3d 454, 458-59 (Tex. App. - Corpus Christi 2004, no pet.). See also, Dix & Dawson, supra, §
24.155, p. 336 ("As a general rule, a retained attorney's withdrawal because of the attorney's
conclusion that the appeal is frivolous is treated by the courts of appeals as a motion under Appellate
Rule 6.5.").
21. See, e.g., Lopez v. State, 18 S.W.3d 637, at 639 (Tex. Crim. App. 2000); Duncan v. Evans,
653 S.W.2d 38, at 39 (Tex. Crim. App. 1983).
22. 999 S.W.2d at 907-908.
23. In Johnson v. State, 885 S.W.2d 641 (Tex. App. - Waco 1995, pet. ref'd), the Tenth Court
identified three "educational burdens" that appellate counsel must shoulder whenever he files an
Anders brief and a motion to withdraw from appellate representation. At that time he must provide
his client with a copy of the brief and motion; inform his client that he has the right to file a pro se
brief; and inform his client that he is entitled to review the appellate record in preparation of such
a pro se brief. We would add that we have recently held that appellate counsel must also inform his
client of his right to pursue a petition for discretionary review in this Court, should the court of
appeals deny him relief on appeal. See Ex parte Owens, ___ S.W.3d ___ (Tex. Crim. App., No. AP-74,996, 2006 Tex. Crim. App. LEXIS 1691, delivered September 13, 2006). Because the court of
appeals may agree that the appeal is frivolous and grant appellate counsel's motion to withdraw,
appellate counsel should inform his client of the right to pursue a petition for discretionary review
while he is still appointed - ideally, at the same time that he satisfies his other "educational burdens."