NO. 07-09-00054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 24, 2010

FRANKIE LEE CADA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A 17878-0812; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Frankie Lee Cada, was indicted for the offense of retaliation[1] enhanced by one prior felony conviction. A jury convicted appellant of the offense as charged, found the enhancement paragraph true, and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for three years. Appellant appeals by four issues contending that the evidence was both legally and factually insufficient and that the trial court erred in not charging the jury on the lesser-included offense of assault. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (Vernon Supp. 2009).

Factual and Procedural Background

On November 12, 2008, the Plainview Police Department received a call regarding a suspicious car at an Allsup's convenience store. The manager of the Allsup's, Arthur Finch, had contacted the police. Upon arriving at the scene, officers identified the adult passengers in the car. After identifying the passengers, the police checked each name for outstanding warrants. One of the adult occupants of the car, Josephine Cada, appellant's wife, had outstanding warrants. Mrs. Cada was taken into custody, and the other occupants of the car were allowed to leave the scene. After the arrest of Mrs. Cada, Finch received a telephone call from appellant. During the phone call, appellant identified himself and threatened to get back at Finch for getting his wife arrested. Finch called the police after receiving the first phone call. Within ten minutes of calling the police to report the first phone call, Finch received a second phone call. Finch testified that the caller did not identify himself during the phone call; however, Finch further testified that he recognized the second caller as appellant. During the second call appellant stated he was behind the store and was going to get Finch. Finch activated a panic button that notified the police, and the police immediately went to the Allsup's location. Based upon information Finch gave the police, appellant was arrested, indicted, and tried for the offense of retaliation.

At the conclusion of Finch's testimony the State rested and appellant's trial counsel moved for an instructed verdict because the testimony, did not show that the action of appellant was a result of Finch's service as a witness. The trial court denied the motion, and appellant then presented his witnesses. At the conclusion of the

2

testimony, the trial court prepared its charge. The trial court charged on the indicted offense of retaliation and the lesser-included offense of terroristic threat. The jury convicted appellant of retaliation. The jury subsequently found that the enhancement paragraph was true and sentenced appellant to confinement for a period of three years in the ID-TDCJ.

Appellant contends that the evidence is both legally and factually insufficient, and that the trial court committed reversible error in not giving a lesser-included charge of assault.[2] We disagree with appellant and affirm the judgment of the trial court.

Sufficiency of the Evidence

Appellant challenges both the legal and factual sufficiency of the evidence. Therefore, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

Standard of Review

Legal Sufficiency

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact

---

[2] Appellant also contends the trial court erred in denying his motion for an instructed verdict. We treat such an allegation as a challenge to the legal sufficiency of the evidence. Castellon v. State, 302 S.W.3d 568, 575 (Tex.App.—Amarillo 2009, no pet.).

could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Texas Court of Criminal Appeals has recently declared that, when reviewing the

4

evidence for factual sufficiency, the reviewing court should measure the evidence in a neutral manner against a "hypothetically correct jury charge." Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v. State, 273 S.W.3d 260, 268 (Tex.Crim.App. 2008)).

Analysis

The indictment against appellant alleges that appellant intentionally and knowingly threatened harm to Finch in retaliation for the service of Finch as a witness.[3] Appellant contends that the evidence was insufficient because the record clearly reflects that, at the time of trial, Finch had not testified in any official court proceeding. According to appellant's theory, Finch was, therefore, not a witness. In support of this proposition, appellant cites the court to Jones v. State, 628 S.W.2d 51, 55 (Tex.Crim.App. [Panel Op.] 1980). In Jones, the Texas Court of Criminal Appeals concluded that the term "witness" as used in connection with the retaliation statute meant one who had testified in an official proceeding. Id. However, the holding in Jones is not determinative of the outcome of our case.

---

[3] §36.06 Obstruction or Retaliation

(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:

(1) In retaliation for or on account of the service or status of another as a:

(A) public servant, witness, or prospective witness, or informant;

TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (Vernon Supp. 2009).

5

After the Jones opinion, the Texas Court of Criminal Appeals was again addressing the issue of the protected parties within the retaliation statute and noted that "while there may be some overlap among the categories of persons listed, each category is nevertheless distinct." Morrow v. State, 862 S.W.2d 612, 614 (Tex.Crim.App. 1993). Jones and Morrow would indicate that appellant's contention about the sufficiency of the evidence should be accepted as correct. However, in addition to the cases discussing the various protected parties within the retaliation statute, we must also consider the allegation that Finch was a witness, as opposed to a prospective witness, from the perspective of a hypothetically correct charge and material variance.

As set forth above, the sufficiency of the evidence is to be measured from the perspective of a hypothetically correct charge. Malik, 953 S.W.2d at 240 (legal sufficiency); Vega, 267 S.W.3d at 915 (factual sufficiency). Such a charge would accurately set out the law as authorized by the charging instrument. See Ortiz v. State, 280 S.W.3d 302, 304 (Tex.App.—Amarillo 2008, no pet.). When applied to the facts of the case before the court, this hypothetically correct charge appears to support appellant's position. Such a charge would ask the jury if appellant retaliated against Finch because of his service as a witness. As reflected in the testimony, Finch had not yet testified in any formal proceeding at the time of the threats. However, a closer review leads to the conclusion that this inquiry, witness *vis-a-vis* prospective witness does not conclude our inquiry. Rather, we must look further into the issue of variance as set forth by the Texas Court of Criminal Appeals in Gollihar v. State, 46 S.W.3d 243

6

(Tex.Crim.App. 2001). "A hypothetically correct charge need not incorporate allegations that give rise to immaterial variances." Id. at 256.

In discussing the issue of variance between the wording of an indictment and the evidence presented at trial, the court in Gollihar stated that such a variance is fatal only if "it is material and prejudices [the defendant's] substantial rights." Id. at 257. To determine whether the variance prejudices the defendant's substantial rights, we must make a two-part inquiry: first, whether the indictment informs the defendant of the charge against him sufficiently to allow him to prepare an adequate defense; and, secondly, whether prosecution under the deficiently drawn indictment would subject the defendant to the risk of being prosecuted later for the same crime. Id.

Our review of the indictment leads to the conclusion that this is not a variance in the manner and means of committing the crime of retaliation. See Curry v. State, 30 S.W.3d 394, 403 (Tex.Crim.App. 2000) (discussing allegations that vary the manner and means of commission of offense); Planter v. State, 9 S.W.3d 156, 159 n.5 (Tex.Crim.App. 2000) (same). Rather, what we are dealing with here is a variance regarding the status of the protected person. See Morrow 862 S.W.2d at 614-15 (discussing the categories of protected persons relevant to the retaliation statute).

Applying the test for variance in the evidentiary sufficiency arena, we find that the evidence at trial is that Finch reported a suspicious car. Thereafter, the Plainview police came out to investigate. As part of the police investigation, all adults in the vehicle were identified. The identification of appellant's wife resulted in the discovery of outstanding warrants for her arrest. After her arrest, appellant called Finch on two separate

7

occasions and threatened him. At the time of trial, Finch had not testified in any official court proceeding related to Mrs. Cada's arrest.

Applying the variance test to these facts yields the determination that, there is a variance between the allegation in the indictment of Finch as a witness and the proof that he was a prospective witness. As analyzed by our sister court, the Sixth District Court of Appeals, such a variance is not material. See Martin v. State, No. 06-03-00139-CR, 2004 Tex. App. LEXIS 7142 at *23-*24 (Tex.App.—Texarkana, Aug. 11, 2004, no pet.) (not designated for publication). The Martin court relied heavily on the opinion of this Court in Hudspeth v. State, 31 S.W.3d 409, 412 (Tex.App.—Amarillo 2000, pet ref'd.). In Hudspeth, we said that the variance between the allegation of one classification of protected person for the victim and the proof of a different classification of protected person was simply irrelevant. Id.

We agree with the Hudspeth opinion's ultimate conclusion and read its conclusion that the variance was irrelevant as a shorthand method of saying that the variance was not material. Appellant has never contended that the variance at issue has resulted in an inability to adequately mount a defense. See Gollihar, 46 S.W.3d at 257. Likewise, there is no danger of a second prosecution for the same offense as a result of the variance at issue. See id. These conclusions lead to the ultimate conclusion that the variance was not material. See id.

When reviewing an insufficient evidence contention based on a variance between pleading and proof, only a material variance will render the evidence insufficient. See id. Having determined that the variance was not material, we reach

8

the conclusion that the evidence was legally and factually sufficient under each test. Jackson, 443 U.S. 319 (legal sufficiency); Ross, 133 S.W.3d at 620 (same); and Watson, 204 S.W.3d at 415 (factual sufficiency).  Accordingly, we overrule appellant's first, second and third issues.

## Lesser-Included Offense of Assault

Appellant next contends that the trial court erred in not giving a lesser-included charge for the offense of assault by threatening to cause imminent bodily injury. However, this issue has previously been decided adverse to appellant in Helleson v. State, 5 S.W.3d 393, 396 (Tex.App.—Fort Worth 1999, pet. ref'd) (determining that retaliation does not require that the threat to harm in retaliation for the victim's public service be imminent and this element of assault by threat is not included within the necessary proof to establish retaliation).  Appellant's fourth issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.

9