Jeffrey Lynn BONNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–111–CR.

Court of Appeals of Texas,
Waco.

Oct. 25, 2000.

Donald V. Phillips, Corsicana, Walter M. Reaves, Jr., West, for appellant.

Before Chief Justice, DAVIS, Justices VANCE and GRAY.

**ORDER**

PER CURIAM.

A jury found Jeffery Bonner guilty of aggravated sexual assault and assessed punishment of fifty-five years' imprisonment. At trial, he was represented by a retained attorney, but the court appointed an attorney to represent him on appeal. Pending before us now is a "Motion for Substitution of Attorneys" filed by a third attorney. This motion asks us to substitute the third attorney in place of the appointed attorney for this appeal, asserting:

> Appellant has retained [the third attorney] to represent him in this appeal. The undersigned counsel has accepted the employment, and desires to substitute for [the appointed attorney], who has been representing Appellant as appointed counsel. This substitution can be accomplished without any unnecessary delay. This motion is made with the knowledge and consent of appellant's current attorney.

By this order, we will grant the motion in part.

In *Enriquez v. State*, we were presented with a motion to withdraw and to substitute counsel involving appointed attorneys. *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.—Waco 1999, order). We found that article 26.04(a) of the Code of Criminal Procedure controlled our disposition of the motion. That statute provides:

> Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the

court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

TEX.CODE CRIM.PROC.ANN. art. 26.04(a) (Vernon 1989). Under the last sentence, the trial court retains responsibility for relieving an *appointed attorney* of his duties. *Id.; Enriquez*, 999 S.W .2d at 908. Similarly, the trial court retains the responsibility for *appointing* new counsel to represent an indigent appellant. *Enriquez*, 999 S.W.2d at 908. Thus, because the attorney who sought to withdraw was appointed and the new attorneys asked us to recognize them as appointed attorneys without an order by the trial court, we properly denied the motion in *Enriquez*. *Id.*

■ In this case there is no request that the appointed attorney be allowed to withdraw from this case or that we recognize a new appointed attorney. Because there is no request that the appointed attorney be allowed to withdraw from his representation of Bonner, we view this as a situation where a second attorney wishes to appear before the court on a matter pending on our docket. Thus, this motion is more accurately termed a notice of the appearance of additional counsel. Furthermore, there is no request that we recognize an attorney's claim to be appointed to an appeal without an order by the trial court. In this situation, the Texas Rules of Appel-

late Procedure control, not the Code of Criminal Procedure.[1]

Rule of Appellate Procedure 6.2 provides:

An attorney other than lead counsel may file a notice stating that the attorney represents a specified party to the proceeding and giving that attorney's name, mailing address, telephone number, fax number, if any, and State Bar of Texas identification number. The clerk will note on the docket the attorney's appearance. When a brief or motion is filed, the clerk will note on the docket the name of each attorney, if not already noted, who appears on the document.

TEX.R.APP.P. 6.2. The motion contains all of the required information. Thus, the retained attorney has made an appropriate appearance before us on this case, and he will be entered onto our docket as an attorney representing Bonner. However, the appointed attorney remains the "lead attorney" because the motion does not comply with the requirements of Rule 6.1(c), which sets out the procedure for changing the lead attorney for a party. *Id.* 6.1(c). If a new lead counsel for Bonner needs to be designated, an appropriate notice should be filed. *Id.* All notices will continue to be sent to the present "lead counsel." *Id.* 6.3. If the appointed attorney desires to be relieved of his duties to Bonner, he must take that matter up with the trial court. TEX.CODE CRIM.PROC.ANN. art. 26.04(a); *Enriquez*, 999 S.W.2d at 908.

1. The last sentence in article 26.04(a) provides that an appointed attorney remains obligated to his client until (1) the charges are dismissed, (2) the defendant is acquitted, (3) appeals are exhausted, (4) the attorney is relieved of his duties by the court, or (5) the attorney is replaced by other counsel. TEX. CODE CRIM.PROC.ANN. art. 26.04(a) (Vernon 1989). Because only the trial court has the authority to "relieve" an appointed attorney of his duties, only the trial court can "replace" an appointed attorney because replacement necessarily includes discharging the appointed attorney. *Id.;* BLACKS LAW DIC-TIONARY 1299 (6th ed.1990) (replace "given its plain, ordinary meaning, means to supplant with substitute or equivalent."). Thus, we were correct in *Enriquez* when we said, "If Enriquez wants to retain new appellate counsel, the trial court has the authority to replace the appointed counsel." *Enriquez v. State, 999 S.W.2d 906,* 908 (Tex.App.—Waco 1999, order). If, on the other hand, the "replacement" is really more in the nature of an addition, as in this case, we can allow the additional attorney to appear before us without action by the trial court.

We grant this motion to the extent that it asks that we recognize the retained attorney as additional counsel representing Bonner on appeal. We deny the motion to the extent that it can be construed as requesting that the appointed attorney be allowed to withdraw.