NO. 07-06-0114-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 27, 2006


 ______________________________



PARESH BABUBHAI DESAI, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,340-E; HONORABLE ABE LOPEZ, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant and his
attorney both have signed the document stating that appellant withdraws his appeal. Tex. R. App.
P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

 James T. Campbell

 Justice


Do not publish.



peal. Review of
the clerk's records reveals Mr. Guinn's previous representation of appellant in these cases. 
A brief review of his involvement is necessary to consideration of the motion. Our cause
number 07-04-0245-CR is an appeal from the revocation of appellant's probation. In May
2003, the trial court granted a motion filed by Guinn asking to substitute him for the counsel
who had been appointed for appellant. That motion was signed by appellant and the
appointed counsel. Appellant was subsequently indicted for the offense of possession of
a controlled substance with intent to deliver it. Guinn represented appellant in that
prosecution, which is also on appeal in cause number 07-04-0246-CR. 

 Sentence was imposed in each case on April 15, 2004. Guinn filed motions to
withdraw in each case, stating the representation "is complete. Defendant does not have
the funds to retain attorney for appeal." Before the trial court acted on either motion, Guinn
filed notices of appeal in each case. In two separate orders, the trial court appointed
attorney Denise Jones to represent appellant in each appeal. Each order recited the
"defendant has no attorney to represent him/her and . . . is too poor to employ counsel[.]"
The record in appeal number 07-04-0246-CR contains an order granting "the motion to
withdraw as attorney of record." The order does not state the name of the attorney to
whom it applies.

 The motion now pending before this court is not signed by appellant or his appointed
counsel. The motion does not cite or discuss any authority governing the appointment or
substitution of counsel. Our disposition of this motion must be made in accordance with
the applicable statutes and procedural rules. 

 We initially note Rule of Appellate Procedure 6.1(a) provides that the attorney
whose signature first appears on the notice of appeal is the lead counsel unless another
attorney is so designated. As noted, Guinn signed the notices of appeal in each case. 
Rule of Appellate Procedure 6.5 governs an appellate court's authority to permit an
attorney to withdraw on appeal. Here Guinn filed his motions to withdraw in the trial court
before filing the notices of appeal. We do not perceive Rule 6.5 to deprive a trial court of
authority to act on a retained attorney's motion to withdraw in these circumstances. Only
the record in 07-04-0246-CR contains an explicit ruling on Guinn's motions to withdraw. 
However, the court's finding in its order appointing counsel in 07-04-0245-CR, that
appellant "has no attorney to represent him," implicitly grants Guinn's motion to withdraw
in that case. Under these peculiar circumstances, we find Guinn is not currently counsel
of record for appellant in either appeal and that the appointed counsel, Denise Jones, is
appellant's lead counsel in both appeals.

 Article 26.04 controls the procedures for appointment of counsel in criminal cases. 
Tex. Code Crim. Proc. Ann. art. 26.04 (Vernon Supp. 2004). The statute provides that
appointment of counsel shall be made by the trial court and further specifies the events
which will terminate appointed counsel's obligations. Under Article 26.04(j)(2), appointed
counsel shall represent the defendant "until charges are dismissed, the defendant is
acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or
replaced by other counsel after a finding of good cause is entered on the record." Id. 

 The Waco Court of Appeals has taken the position that the phrase "the court" in
Article 26.04 means the trial court and only that court may relieve appointed counsel. See
Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.--Waco 1999, no pet.) (construing former
version of Article 26.04). We have recognized a trial court's continuing control over
appointment of counsel on several occasions, but have declined to find that control
precludes our granting of motions to withdraw by counsel certifying an appeal is without
merit. See Hudspeth v. State, 31 S.W.3d 409, 412 (Tex.App.--Amarillo 2000, pet. ref'd).

 The Waco court considered a motion substantially similar to that now before us in
Bonner v. State, 29 S.W.3d 360 (Tex.App.-Waco 2000, pet. ref'd). (1) That court found the
motion met the requirements of Rule of Appellate Procedure 6.2 authorizing the filing of
a notice of appearance by an attorney other than lead counsel, and granted the motion to
that extent. Id. at 361. The court declined to substitute the new counsel as lead counsel
because the motion failed to comply with Rule of Appellate Procedure 6.1(c), requiring
notice of new lead counsel to be signed by the new counsel and either the party or former
lead counsel. Id. The court went on to hold such a designation would not relieve appointed
counsel of his continuing duties, adhering to its view that only the trial court has the power
to relieve appointed counsel. Id. 

 We find the Bonner analysis of Rules of Appellate Procedure 6.1(c) and 6.2 helpful
in disposition of the motion before us. The appearances of attorneys David M. Guinn, Jr.
and Aaron R. Clements shall be noted on our docket, but we shall continue to show
appellant's appointed counsel as lead counsel. Because appointed counsel has not
requested to be relieved of her continuing obligations to appellant, we need not address
that issue. The trial court retains authority over the appointment of counsel for appellant.
Enriquez, 999 S.W.2d at 908. Any request for clarification of appointed counsel's
continuing role in this appeal under these circumstances is properly directed initially to that
court. Appellant is directed to supplement the appellate record with the appropriate
documentation of any further action taken by the trial court with respect to appointed
counsel.

 The appearances of attorneys David M. Guinn, Jr. and Aaron R. Clements shall be
noted on the docket by the clerk of this court. The due date for appellant's brief is
extended to October 22, 2004. The remainder of the motion is denied.


 Per Curiam


Do not publish.
1. The most significant distinction was that in Bonner, the motion was "made with the
knowledge and consent of appellant's current attorney." 29 S.W.3d at 360.