NO. 07-07-0434-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 25, 2008


______________________________



JOHN STEPHENS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-411195; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER ON MOTION TO SUBSTITUTE COUNSEL ON APPEAL


 Pending before the court is a motion filed by attorney Mike Brown seeking a
substitution of counsel and a withdrawal of appointed counsel for appellant, John
Stephens. 

 A review of the clerk's record reveals that, after appellant's conviction and imposition
of sentence, the trial court determined that appellant sought to appeal this case, was too
poor to employ counsel, and that no attorney was representing appellant on appeal. The
clerk's record shows that the trial court appointed Erika Copeland to represent appellant
on appeal on October 11, 2007.

 On December 14, 2007, this court received a motion from Brown titled Motion to
Substitute Counsel on Appeal requesting this court to substitute Brown for Copeland and
further requested this court to allow Copeland to withdraw from this case. The motion now
pending before this court is not signed by appellant or his appointed counsel. The motion
does not cite or discuss any authority governing the appointment or substitution of counsel.
Our disposition of this motion must be made in accordance with the applicable statutes and
procedural rules. 

 We initially note Rule of Appellate Procedure 6.1(a) provides that the attorney
whose signature first appears on the notice of appeal shall be the lead counsel unless
another attorney is so designated. Although appellant's trial attorney signed the notice of
appeal, the docketing statement filed with this court pursuant to Rule of Appellate
Procedure 32.2 lists Copeland as the attorney of record on appeal. Therefore, we
conclude that the appointed counsel, Erika Copeland, is appellant's lead counsel.

 Article 26.04 controls the procedures for appointment of counsel in criminal cases.
Tex. Code Crim. Proc. Ann. art. 26.04 (Vernon Supp. 2007). The statute provides that
appointment of counsel shall be made by the trial court and further specifies the events
which will terminate appointed counsel's obligations. Under Article 26.04(j)(2), appointed
counsel shall represent the defendant "until charges are dismissed, the defendant is
acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or
replaced by other counsel after a finding of good cause is entered on the record." Id. The
Waco Court of Appeals has taken the position that the phrase "the court" in Article 26.04
means the trial court and only that court may relieve appointed counsel. See Enriquez v.
State, 999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.) (construing former version of
Article 26.04). We have recognized a trial court's continuing control over appointment of
counsel on several occasions, but have declined to find that control precludes our granting
of motions to withdraw by counsel certifying an appeal is without merit. See Hudspeth v.
State, 31 S.W.3d 409, 412 (Tex.App.-Amarillo 2000, pet. ref'd).

 The Waco court considered a motion substantially similar to that now before us in
Bonner v. State, 29 S.W.3d 360 (Tex.App.-Waco 2000, pet. ref'd). That court found the
motion met the requirements of Rule of Appellate Procedure 6.2 authorizing the filing of
a notice of appearance by an attorney other than lead counsel, and granted the motion to
that extent. Id. at 361. The court declined to substitute the new counsel as lead counsel
because the motion failed to comply with Rule of Appellate Procedure 6.1(c), requiring
notice of new lead counsel to be signed by the new counsel and either the party or former
lead counsel. Id. The court went on to hold such a designation would not relieve
appointed counsel of his continuing duties, adhering to its view that only the trial court has
the power to relieve appointed counsel. Id. 

 We find the Bonner analysis of Rules of Appellate Procedure 6.1(c) and 6.2 helpful
in disposition of the motion before us. The appearance of Brown shall be noted on our
docket, but we shall continue to show appellant's appointed counsel as lead counsel.
Because appointed counsel has not requested to be relieved of her continuing obligations
to appellant, we need not address that issue. The trial court retains authority over the
appointment of counsel for appellant. Enriquez, 999 S.W.2d at 908. Any request for
clarification of appointed counsel's continuing role in this appeal under these
circumstances is properly directed initially to the trial court. Appellant is directed to
supplement the appellate record with the appropriate documentation of any further action
taken by the trial court with respect to appointed counsel.

 The appearance of attorney Mike Brown shall be noted on the docket by the clerk
of this court. The remainder of the motion is denied.


 Per Curiam





Do not publish.



 UnhideWhenUsed="false" Name="Colorful Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00303-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
30, 2011

 



 

JAY ANTHONY NOTTINGHAM, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 31ST DISTRICT COURT OF WHEELER
COUNTY;

 

NO. 4416; HONORABLE H. BRYAN POFF, JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Jay Anthony Nottingham
filed a notice of appeal from his conviction of the offense of attempt to take
a weapon from an officer[1]
and his resulting sentence of eighteen years of imprisonment.  While a clerks record has not yet been
filed, the trial court clerk has provided us with certified copies of certain
documents.  We have before us copies of
the certification of defendants right of appeal, and a waiver of appeal,
both apparently bearing appellants signature. 
The certification of defendants right of appeal, executed by the trial
court and signed by appellant and his trial counsel, states that the case is a
plea-bargain case, and the defendant has NO right of appeal.  The waiver of appeal requests the trial
court to order appellants transfer to the Institutional Division of the
Department of Criminal Justice to serve the sentence imposed by the court.  That document bears the notarized signature
of appellant, and the signature of the trial court, approving appellants
request.  The documents provided us by
the clerk also include a copy of written plea admonishments, including a section
entitled defendants waivers and statement on admonishments, also signed by
appellant and his counsel, which contains the statement I waive any right to
appeal I may have in this case. 
Finally, the courts judgment contains the special finding that
appellant signed a waiver of appeal. 
The judgment describes the terms of the plea bargain to include an
eighteen-year sentence of confinement and the States agreement to waive its
motion to cumulate sentences.  The
judgment is consistent with those terms. 
All the documents provided us by the trial court clerk are dated and
were filed on June 20, 2011, the date of appellants guilty plea and
sentencing. 

            By
letter dated August 3, 2011, we notified appellant of this documentation and
informed him that the appeal is subject to dismissal unless, by August 18, we
received an amended certification illustrating appellant has the right to
appeal or appellant otherwise demonstrates other grounds for continuing the
appeal.

            Appellant
has submitted a response, but it does not contain an amended certification
establishing his right to appeal.  In his
response, appellant asserts the certification provided us is defective because
his counsel filed a pretrial motion to dismiss the prosecution for failure to
provide him a speedy trial, and the trial court denied the motion.  He asserts he is entitled to appeal that
denial.  As appellant acknowledges, the
trial court could have certified his entitlement to appeal the denial of his
pretrial motion, but did not.  Comparing
the trial courts certification with the documents before us, we cannot agree
that the certification is defective.  The
documents before us, on the contrary, support the trial courts certification
appellant has no right of appeal.  See Dears v. State, 154 S.W.3d 610,
614-15 (Tex.Crim.App. 2005) (appellate court obligated to compare certification
with record before it).  Accordingly, we
dismiss the appeal.  Tex. R. App. P.
25.2(d); Chavez v. State, 183 S.W.3d
675, 680 (Tex.Crim.App. 2006) (court of appeals must dismiss prohibited appeal
without further action).  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.

 








 











[1]
Tex. Penal Code Ann. § 38.14
(West 2010).