COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Kodigbo Odelugo v. The State of Texas

Appellate case number:   01-12-00272-CR

Trial court case number: 1249648

Trial court:             248th District Court of Harris County

On June 18, 2012, Kurt G. Clarke filed a "Notice of Appearance and Request for Notice" in this appeal.[1] Presumably, counsel is attempting to appear on behalf of the appellant, Kodigbo Odelugo. Because appellant is currently represented by appointed counsel[2] and there is no request to permit appointed counsel to withdraw, "we view this as a situation where a second attorney wishes to appear before the court on a matter pending on our docket." *Bonner v. State*, 29 S.W.3d 360, 361 (Tex. App.—Waco 2000, pet. ref'd); *see* TEX. R. APP. P. 6.2, 6.5. The "Notice of Appearance and Request for Notice" filed by Kurt G. Clarke, however, fails to state that counsel represents a specified party to the proceeding and fails to provide his State Bar of Texas identification number. *See* TEX. R. APP. P. 6.2.

Accordingly, we STRIKE counsel's notice of appearance in this case. If Kurt G. Clarke wishes to be entered on our docket as an attorney representing appellant, a notice complying with Rule 6.2 should be filed. Further, if Kurt G. Clarke wishes to receive notices in this appeal, an appropriate designation of lead counsel should be filed. *See* TEX. R. APP. P. 6.1(c) (providing mechanism for designating lead counsel), 6.3(a) (requiring notice be sent to lead counsel); *Bonner*, 29 S.W.3d at 361. If the appointed attorney desires to be relieved of her duties or if Kurt G. Clarke desires to substitute as sole counsel for appellant, an appropriate motion should

---

[1]     Counsel's notice was filed in appellate cause number 01-12-00530-CR. That cause, however, arose from the same trial cause as this case, and counsel's notice will be treated as having been filed in this case.

[2]     The trial court appointed counsel to represent appellant for the purposes of appeal on June 1, 2012. The record does not reflect that appointed counsel has been permitted to withdraw. Accordingly, appointed counsel currently represents appellant. *See* TEX. CODE CRIM. PROC. art. 26.04(j)(2) (West Supp. 2011) (requiring appointed counsel to represent client until appeals are exhausted or counsel is permitted to withdraw).

be filed with the Clerk of this Court, so that the case may be abated for the trial court to exercise jurisdiction to entertain the motion. *See* TEX. CODE CRIM. PROC. art. 26.04(j)(2) (West Supp. 2011) (requiring trial court to rule on motion to withdraw); TEX. R. APP. P. 6.5, 25.2(g); *Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006); *Green v. State*, 906 S.W.2d 937, 939, 940 n.4 (Tex. Crim. App. 1995); *Bonner*, 29 S.W.3d at 361; *Enriquez v. State*, 999 S.W.2d 906, 908 (Tex. App.—Waco 1999, no pet.); *Roberts v. State*, 705 S.W.2d 803, 805 (Tex. App.—Dallas 1986, no pet.).

Judge's signature: /s/ <u>Justice Terry Jennings</u>
              ☑ Acting individually    ☐ Acting for the Court

Date:  September 4, 2012