NO. 07-06-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 4, 2008
_____

STEVEN ORTIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY;

NO. 05-03274L2; HONORABLE BEN NOLEN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Steven Ortiz appeals his conviction for the Class C misdemeanor offense of criminal mischief. Via his sole point of error, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. Agreeing the evidence is legally insufficient, we will reverse.

Appellant was charged by information with the misdemeanor offense of criminal mischief.[1] Specifically, the complaint alleged he intentionally and knowingly damaged or

_____

[1] *See* Tex. Penal Code Ann. § 28.03 (Vernon 2003 & Supp. 2007).

destroyed police department property, without its owner's effective consent, by spitting on its window. The property was a police car. Following appellant's plea of not guilty, the matter proceeded to a bench trial.

Evidence showed that on September 7, 2005, Detective Jaime Padron of the San Angelo Police Department was working as a school security officer at San Angelo's Central Freshman Campus. He testified he parked his unmarked Crown Victoria in its customary space next to gates leading into the schoolyard. Later that morning, Detective Padron observed spit on the passenger door and window of his vehicle. He later wiped the spit from the car with a cloth.[2]

The detective sought to learn the identity of the one who spit on his vehicle. A video recording from a security camera showed a group of students walking by the vehicle. One student, identified as appellant, came closer to the vehicle than the others, and faced the vehicle before walking away. Another student seemed to confirm that appellant was the spitter, but when the detective and school authorities confronted appellant, he denied it.

Detective Padron issued a citation and this proceeding resulted. The State presented the testimony of Detective Padron, two school officials and the other student. The video recording also was in evidence, and was reviewed several times during trial. The other student's testimony was equivocal. Appellant testified, acknowledging that he was the

---

[2] In his most direct description of the spit, the detective testified that when he wiped it off, "it's still bubbly and water."

2

student who appeared in the recording approaching the vehicle, but insisting he did not spit on it.  Appellant's parents testified on his behalf.

The trial court found appellant guilty and assessed a fine of $100 and court costs. Appellant timely filed his notice of appeal.

Appellant contends on appeal that the evidence presented at trial was legally and factually insufficient to support his conviction.  In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable doubt.  *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (*citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

The State has not filed an appellee's brief.  Appellant's argument in his brief, and the position taken by the State during argument to the trial court, lead us to conclude this case is of the type represented by *Curry v. State*, 30 S.W.3d 394 (Tex.Crim.App. 2000).  Penal Code § 28.03(a) describes three categories of conduct constituting the offense of criminal mischief.  Here, as noted, the charging instrument alleged appellant committed criminal mischief by intentionally or knowingly damaging or destroying the tangible property of the owner, which is the conduct proscribed by § 28.03(a)(1).  Section 28.03(a)(2) provides that a person commits criminal mischief if "he intentionally or knowingly tampers with the

3

tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person[.]"[3]

At trial, in partial response to appellant's argument the State had not shown the spitting caused pecuniary loss, the State argued there was evidence the action had caused substantial inconvenience to Detective Padron. In his appellate brief, appellant acknowledges the evidence raised a question of fact whether the spitting caused substantial inconvenience. But, appellant notes, the issue is of no moment because the State did not charge him under § 28.03(a)(2), only under § 28.03(a)(1), which requires proof of pecuniary loss.[4]

We must measure the sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). *See also Gollihar v. State,* 46 S.W.3d 243, 246 (Tex.Crim.App. 2001). Such a charge includes one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* This test is applicable in bench trials as well as jury

---

[3] The statute also requires the State to prove the conduct was committed without the effective consent of the owner. Tex. Penal Code Ann. § 28.03(a) (Vernon 2003 and Supp. 2007).

[4] Tex. Penal Code Ann. § 28.06; *Barnes v State,* No. 01-06-00600-CR, 2007 WL 1559853 (Tex.App.–Houston [1st Dist.] May 31, 2007, pet. stricken) (mem. op., not designated for publication). The State alleged the pecuniary loss here was less than $50.00, making the offense a Class C misdemeanor. Tex. Penal Code Ann. § 28.03 (Vernon 2003 & Supp. 2007).

trials.  *Malik,* 953 S.W.2d at 240; *Harvey v. State,* 135 S.W.3d 712, 716 (Tex.App.–Dallas 2003, no pet.).

A hypothetically correct jury charge in this case, accurately setting out the law and authorized by the charging instrument, *Gollihar*, 46 S.W.3d at 246, would require for conviction a finding that appellant damaged or destroyed[5] the window of the police car.  *See Curry*, 30 S.W.3d at 404; *Fuller v. State*, 73 S.W.3d 250, 255 (Tex.Crim.App. 2002) (Keller, P.J., concurring) ("When a statute lists more than one method of committing an offense, and the indictment alleges some, but not all, of the statutorily listed methods, the State is limited to the methods alleged").  Appellant contends there is no evidence the window was damaged.  We agree.[6]

The term "damage" is not statutorily defined so its meaning is to be determined by its common usage.  *Cullen v. State,* 832 S.W.2d 788, 797 (Tex.App.–Austin 1992, writ ref'd).  Dictionary definitions of damage include "loss or injury to person or property," Black's Law Dictionary 393 (7th ed. 1999), and "loss or harm resulting from injury to person, property or reputation," Merriam-Webster's Collegiate Dictionary (11th ed. 2003).  In its comparison of synonyms to the word "injure," Merriam-Webster's Collegiate Dictionary states that damage "suggests injury that lowers value or impairs usefulness[.]" As noted, Detective Padron testified he wiped the spit off the window later in the day.  He did not

---

[5] The State never asserted any property was destroyed in this case.

[6] For damaged property, the amount of pecuniary loss is "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred."  Tex. Penal Code Ann. § 28.06(b) (Vernon 2003).  Appellant contends also there is no evidence of the cost of repairing or restoring the window.  We do not reach that contention.

testify to any effect its presence had on the value or usefulness of the vehicle or its window. Even viewing the evidence in the light most favorable to the court's finding of guilt, we find no evidence in this record that the presence of the spit on the Crown Victoria's window damaged it. We must conclude the evidence is legally insufficient to support the conviction. Accordingly, we sustain appellant's issue, reverse the trial court's judgment and render a judgment of acquittal.

James T. Campbell
Justice

Publish.