NO. 07-09-00054-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
24, 2010

 



 

FRANKIE LEE CADA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A 17878-0812; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION

 

 

Appellant, Frankie Lee Cada, was indicted for the offense of retaliation[1]
enhanced by one prior felony conviction. 
A jury convicted appellant of the offense as charged, found the
enhancement paragraph true, and sentenced him to confinement in the
Institutional Division of the Texas Department of Criminal Justice for three
years.  Appellant appeals by four issues
contending that the evidence was both legally and factually insufficient and
that the trial court erred in not charging the jury on the lesser-included
offense of assault.  We affirm.

Factual and Procedural Background

            On
November 12, 2008, the Plainview Police Department received a call regarding a
suspicious car at an Allsup’s convenience store.  The manager of the Allsup’s,
Arthur Finch, had contacted the police. 
Upon arriving at the scene, officers identified the adult passengers in
the car.  After identifying the
passengers, the police checked each name for outstanding warrants.  One of the adult occupants of the car,
Josephine Cada, appellant’s wife, had outstanding
warrants.  Mrs. Cada
was taken into custody, and the other occupants of the car were allowed to
leave the scene.  After the arrest of
Mrs. Cada, Finch received a telephone call from
appellant.  During the phone call,
appellant identified himself and threatened to get back at Finch for getting
his wife arrested.  Finch called the
police after receiving the first phone call. 
Within ten minutes of calling the police to report the first phone call,
Finch received a second phone call. 
Finch testified that the caller did not identify himself during the
phone call; however, Finch further testified that he recognized the second
caller as appellant.  During the second
call appellant stated he was behind the store and was going to get Finch.  Finch activated a panic button that notified
the police, and the police immediately went to the Allsup’s
location.  Based upon information Finch
gave the police, appellant was arrested, indicted, and tried for the offense of
retaliation.  

            At
the conclusion of Finch’s testimony the State rested and appellant’s trial
counsel moved for an instructed verdict because the testimony, did not show
that the action of appellant was a result of Finch’s service as a witness.  The trial court denied the motion, and
appellant then presented his witnesses. 
At the conclusion of the testimony, the trial court prepared its
charge.  The trial court charged on the
indicted offense of retaliation and the lesser-included offense of terroristic
threat.  The jury convicted appellant of
retaliation.  The jury subsequently found
that the enhancement paragraph was true and sentenced appellant to confinement
for a period of three years in the ID-TDCJ. 


            Appellant
contends that the evidence is both legally and factually insufficient, and that
the trial court committed reversible error in not giving a lesser-included
charge of assault.[2]  We disagree with appellant and affirm the
judgment of the trial court.

Sufficiency of the Evidence

            Appellant
challenges both the legal and factual sufficiency of the evidence.  Therefore, we are required to conduct an analysis
of the legal sufficiency of the evidence first and then, only if we find the
evidence to be legally sufficient, do we analyze the factual sufficiency of the
evidence.  See Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996).

Standard of Review

Legal Sufficiency

In assessing the legal sufficiency of
the evidence, we review all the evidence in the light most favorable to the
verdict to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). 
In conducting a legal sufficiency review, an appellate court may not sit
as a thirteenth juror, but rather must uphold the jury’s verdict unless it is
irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755
S.W.2d 866, 867 (Tex.Crim.App. 1988).  We measure the legal sufficiency of the
evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).

Factual Sufficiency

            When
an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt. 
See Watson v. State, 204 S.W.3d 404,
415 (Tex.Crim.App. 2006).  In performing a factual sufficiency review,
we must give deference to the fact finder’s determinations if supported by
evidence and may not order a new trial simply because we may disagree with the
verdict.  See id. at 417.  As an
appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence that
appellant claims undermines the jury’s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).  The Texas Court of Criminal Appeals has
recently declared that, when reviewing the evidence for factual sufficiency,
the reviewing court should measure the evidence in a neutral manner against a
“hypothetically correct jury charge.”  Vega
v. State, 267 S.W.3d 912, 915 (Tex.Crim.App.
2008) (citing Wooley v. State, 273
S.W.3d 260, 268 (Tex.Crim.App. 2008)).

Analysis

            The
indictment against appellant alleges that appellant intentionally and knowingly
threatened harm to Finch in retaliation for the service of Finch as a witness.[3]  Appellant contends that the evidence was
insufficient because the record clearly reflects that, at the time of trial,
Finch had not testified in any official court proceeding.  According to appellant’s theory, Finch was,
therefore, not a witness.  In support of
this proposition, appellant cites the court to Jones v. State, 628
S.W.2d 51, 55 (Tex.Crim.App. [Panel Op.] 1980).  In Jones, the Texas Court of Criminal
Appeals concluded that the term “witness” as used in connection with the
retaliation statute meant one who had testified in an official proceeding.  Id. 
However, the holding in Jones is not determinative of the outcome
of our case.  

After the Jones opinion, the
Texas Court of Criminal Appeals was again addressing the issue of the protected
parties within the retaliation statute and noted that “while there may be some
overlap among the categories of persons listed, each category is nevertheless
distinct.”  Morrow
v. State, 862 S.W.2d 612, 614 (Tex.Crim.App.
1993).  Jones and Morrow
would indicate that appellant’s contention about the sufficiency of the
evidence should be accepted as correct. 
However, in addition to the cases discussing the various protected
parties within the retaliation statute, we must also consider the allegation
that Finch was a witness, as opposed to a prospective witness, from the
perspective of a hypothetically correct charge and material variance.

As set forth above, the sufficiency
of the evidence is to be measured from the perspective of a hypothetically
correct charge.  Malik, 953 S.W.2d at 240
(legal sufficiency); Vega, 267 S.W.3d at 915 (factual sufficiency).  Such a charge would accurately set out the
law as authorized by the charging instrument. 
See Ortiz v. State, 280 S.W.3d 302, 304 (Tex.App.—Amarillo 2008, no pet.).  When applied to the facts of the case before
the court, this hypothetically correct charge appears to support appellant’s position.  Such a charge would ask the jury if appellant
retaliated against Finch because of his service as a witness.  As reflected in the testimony, Finch had not
yet testified in any formal proceeding at the time of the threats.  However, a closer review leads to the
conclusion that this inquiry, witness vis-a-vis prospective witness does not conclude our
inquiry.  Rather, we must look further
into the issue of variance as set forth by the Texas Court of Criminal Appeals
in Gollihar v. State, 46 S.W.3d 243 (Tex.Crim.App. 2001). 
“A hypothetically correct charge need not incorporate allegations that
give rise to immaterial variances.”  Id. at 256.  

In discussing the issue of variance
between the wording of an indictment and the evidence presented at trial, the
court in Gollihar stated that such a variance
is fatal only if “it is material and prejudices [the defendant’s] substantial
rights.”  Id. at
257.  To determine whether the
variance prejudices the defendant’s substantial rights, we must make a two-part
inquiry: first, whether the indictment informs the defendant of the charge
against him sufficiently to allow him to prepare an adequate defense; and,
secondly, whether prosecution under the deficiently drawn indictment would
subject the defendant to the risk of being prosecuted later for the same
crime.  Id.  

Our review of the indictment leads to
the conclusion that this is not a variance in the manner and means of
committing the crime of retaliation.  See Curry v. State, 30 S.W.3d 394, 403 (Tex.Crim.App. 2000) (discussing allegations that vary the
manner and means of commission of offense); Planter v. State, 9 S.W.3d
156, 159 n.5 (Tex.Crim.App. 2000) (same).  Rather, what we are dealing with here is a
variance regarding the status of the protected person.  See Morrow
862 S.W.2d at 614-15 (discussing the categories of protected persons relevant
to the retaliation statute).  

Applying the test for variance in the
evidentiary sufficiency arena, we find that the evidence at trial is that Finch
reported a suspicious car.  Thereafter,
the Plainview police 
came out to investigate. 
As part of the police investigation, all adults in the vehicle were
identified.  The identification of
appellant’s wife resulted in the discovery of outstanding warrants for her
arrest.  After her arrest, appellant
called Finch on two separate occasions and threatened him.  At the time of trial, Finch had not testified
in any official court proceeding related to Mrs. Cada’s
arrest.  

Applying the variance test to these
facts yields the determination that, there is a variance between the allegation
in the indictment of Finch as a witness and the proof that he was a prospective
witness.  As analyzed by our sister
court, the Sixth District Court of Appeals, such a variance is not
material.  See Martin v. State,
No. 06-03-00139-CR, 2004 Tex. App. LEXIS 7142 at *23-*24 (Tex.App.—Texarkana,
Aug. 11, 2004, no pet.) (not designated for
publication).  The Martin court
relied heavily on the opinion of this Court in Hudspeth v. State, 31
S.W.3d 409, 412 (Tex.App.—Amarillo 2000, pet ref’d.).  In Hudspeth,
we said that the variance between the allegation of one classification of
protected person for the victim and the proof of a different classification of
protected person was simply irrelevant.  Id.  

We agree with the Hudspeth
opinion’s ultimate conclusion and read its conclusion that the variance was
irrelevant as a shorthand method of saying that the variance was not
material.  Appellant has never contended
that the variance at issue has resulted in an inability to adequately mount a
defense.  See Gollihar,
46 S.W.3d at 257. 
Likewise, there is no danger of a second prosecution for the same
offense as a result of the variance at issue. 
See id.  These
conclusions lead to the ultimate conclusion that the variance was not
material.  See id.

When reviewing an insufficient
evidence contention based on a variance between pleading and proof, only a
material variance will render the evidence insufficient.  See id.  Having determined that the variance was not
material, we reach the conclusion that the evidence was legally and factually
sufficient under each test.   Jackson, 443 U.S. 319 (legal sufficiency); Ross, 133
S.W.3d at 620 (same); and Watson, 204 S.W.3d at 415 (factual
sufficiency).  Accordingly, we
overrule appellant’s first, second and third issues.

Lesser-Included
Offense of Assault

            Appellant
next contends that the trial court erred in not giving a lesser-included charge
for the offense of assault by threatening to cause imminent bodily injury.  However, this issue has previously been
decided adverse to appellant in Helleson v.
State, 5 S.W.3d 393, 396 (Tex.App.—Fort Worth
1999, pet. ref’d) (determining that retaliation does
not require that the threat to harm in retaliation for the victim’s public
service be imminent and this element of assault by threat is not included
within the necessary proof to establish retaliation).  Appellant’s fourth issue is overruled.

Conclusion

            Having
overruled appellant’s issues, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Publish.  








 











[1]
See
Tex. Penal Code Ann. § 36.06(a)(1)(A) (Vernon Supp. 2009).





[2]
Appellant also contends the trial court erred in
denying his motion for an instructed verdict. 
We treat such an allegation as a challenge to the legal sufficiency of
the evidence.  Castellon
v. State, 302 S.W.3d 568, 575 (Tex.App.—Amarillo
2009, no pet.).





[3] §36.06 Obstruction or Retaliation

 

(a) 
A person commits
an offense if he intentionally or knowingly harms or threatens to harm another
by an unlawful act:

 

(1) 
In retaliation
for or on account of the service or status of another as a:

 

(A)
public servant,
witness, or prospective witness, or informant;

 

Tex.
Penal Code Ann.  § 36.06(a)(1)(A) (Vernon Supp. 2009).